# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EMELITO EXMUNDO,

Plaintiff,

v.

J. A. TILTON, et al.,

Defendants.

/

CASE NO. 1:06-cv-00205-AWI-GSA-PC

ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND

(Doc. 19)

RESPONSE DUE WITHIN THIRTY DAYS

## I. Screening Requirement

Plaintiff Emelito Exmundo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 23, 2006. On April 20, 2007, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Currently before the Court is Plaintiff's first amended complaint ("the complaint"), filed June 28, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

### A. Summary of the Complaint

Plaintiff is a state prisoner currently housed at Pleasant Valley State Prison. Plaintiff's claims arise out of various incidents that occurred at California State Prison, Corcoran (CSP) between 2004 and 2007, many of which appear to be unrelated to each other. The complaint asserts a plethora of constitutional and state-law tort claims against at least twenty-six Defendants. Plaintiff alleges numerous separate incidents of excessive force, mail censorship, retaliation for filing prison grievances, interference with Plaintiff's access to the courts, inadequate medical treatment, and denial of due process. The complaint is accompanied by two-hundred sixty-nine pages of exhibits.

### B. Permissive Joinder of Defendants

A plaintiff may join as many claims as the plaintiff has against an opposing party in a single action. Fed. R. Civ. P. 18(a). A plaintiff may also join several persons as defendants in a single action if a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, *and* b) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (emphasis added). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits...." George v. Smith, 507 F.3d 605, 606 (7th Cir. 2007).

///

///

"A buckshot complaint that would be rejected if filed by a free person--say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions--should be rejected if filed by a prisoner." Id. at 607.

The complaint asserts numerous causes of action that do not appear to be related to each other in any significant way. For example, Plaintiff alleges that Defendant Moore failed to protect Plaintiff from an attack by other prisoners in August of 2004, that Defendant Castro improperly forced Plaintiff to cut his hair in July of 2005, that Defendant Hasadsri denied Plaintiff adequate medical care in October of 2005, and that Defendant Vogel subjected Plaintiff to excessive force in May of 2006. Plaintiff has failed to establish that the various actions of the twenty-six named Defendants were part of a single transaction or occurrence or that questions of law or fact common to all Defendants will arise in this action. Accordingly, joinder of Plaintiff's various claims is inappropriate, and the complaint must be dismissed.[1] See George, 507 F.3d at 606 (holding that prisoner's complaint should have been rejected where prisoner did not make any effort to show that the twenty-four named defendants had participated in the same transaction or series of transactions or that a question of fact was common to all defendants).

**C. Rule 8 Pleading Standard**

Federal Rule of Civil Procedure 8(a) requires Plaintiff to provide Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. Swierkiewicz, 534 U.S. at 512. Federal Rule of Civil Procedure 8(d) requires that "[e]ach allegation must be simple, concise, and direct." The Court may dismiss a complaint that is replete with irrelevant factual information, redundant allegations, and evidentiary matter on the grounds that the complaint fails to comply with Rule 8. Carrigan v. California State Legislature, 263 F.2d 560, 564 (9th Cir. 1959) cert. denied 359

---

[1] Plaintiff may properly join two distinct causes of action against different Defendants provided that Plaintiff pleads a sufficient link between the causes of action. For example, Plaintiff alleges that he was subjected to excessive force by Defendants Bell and Johnson. Plaintiff further alleges that Defendant Hasadsri, a doctor at CSP, denied Plaintiff medical treatment for injuries inflicted by Defendants Bell and Johnson in order to cover-up the incident. Joinder of the excessive force claims against Bell and Johnson with the medical treatment claim against Defendant Hasadsri is proper because both claims are related in time and in fact and implicate questions of law and fact common to Defendants Hasadsri, Bell, and Johnson.

U.S. 980 (1959)[2] (affirming dismissal without prejudice of a complaint filled with hearsay statements, medical reports, and other extraneous material); Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal of complaint that was verbose, confused, and redundant); Agnew v. Moody, 330 F.2d 868, 870 (9th Cir. 1964) (dismissing 55-page civil rights complaint where elements and factual context of claim were simple); see also Gordon v. Green, 602 F.2d 743, 746 (5th Cir. 1979) ("flagrant violations of Rule 8 should not be tolerated"). Even where a complaint provides specific allegations of fact that support claims against some of the named defendants, if the complaint is "argumentative, prolix, replete with redundancy, and largely irrelevant," dismissal is appropriate. McHenry v. Renne, 84 F.3d 1172, 1175-78 (9th Cir. 1996).

Plaintiff's complaint recites numerous incidents that allegedly occurred between 2004 and 2007, in no particular order. For example, within the span of four sentences, Plaintiff complains of a false incident report filed against him in 2004, an assault by correctional officers against him in 2006, and an improper search of Plaintiff's cell in 2005. First Amended Complaint, p.10: 3-17. Further, the complaint is replete with evidentiary matter.[3] Because the complaint is not organized in any coherent fashion, contains an abundance of inappropriate evidentiary matter, and does not provide simple, direct, and concise allegations, the complaint fails to give Defendants fair notice of Plaintiff's claims. Accordingly, Plaintiff's complaint fails to meet the pleading standard set forth in Federal Rule of Civil Procedure Rule 8 and must be dismissed.

**III. Conclusion and Order**

The complaint improperly attempts to join various unrelated causes of action against numerous Defendants. The complaint also violates the requirements of Federal Rule of Civil Procedure 8(a) and 8(d). The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d

---

[2] Carrigan and several of the other authorities cited herein concern former Federal Rule of Civil Procedure 8(e), which provided in relevant part "each averment of a pleading shall be simple, concise, and direct." The current version of Rule 8 provides the same standard: "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

[3] In addition to the two-hundred sixty-nine pages of exhibits attached to the complaint, evidentiary averments such as "[Defendant] intentionally failed or omitted to state that Defendant talked to Plaintiff about the mold...that proves Plaintiff's contention that this is a reprisal for [filing inmate grievances]" are common throughout the complaint. First Amended Complaint, p.22: 6-9.

1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Plaintiff is cautioned against including evidentiary matter that is not properly incorporated into the complaint or tangential factual information.

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Plaintiff may not include unrelated causes of action against different Defendants in the amended complaint. George, 507 F.3d at 606. Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated: January 28, 2009**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE