# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | CASE NO.    1:06-cv-00205-AWI-GBC (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| | (ECF No. 45) |
| A. K. SCRIBNER, et al., | |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____/ | |

## I.    PROCEDURAL HISTORY

Plaintiff Emelito Exmundo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before this Court is a Motion to Dismiss filed by Defendants Bell and Johnson.  (ECF No. 45.)  Plaintiff filed an Opposition on May 12, 2011, and Defendants replied on June 6, 2011.  (ECF Nos. 48 & 52.)

This action proceeds on Plaintiff's Second Amended Complaint filed June 19, 2009 (ECF No. 32.)  On October 8, 2010, this Court screened Plaintiff's Complaint finding that

it stated a cognizable claim for relief against Defendant Bell for retaliation and against Defendants Bell and Johnson for use of excessive force.  (ECF No. 35.)

## II.   ARGUMENT

In the instant Motion, Defendants argue that Plaintiff failed to exhaust his administrative remedies before filing this action.  Defendants state that Plaintiff filed this action within three weeks of filing his inmate grievance concerning Defendants Bell and Johnson.  The alleged incident occurred on October 5, 2005.  Plaintiff filed the related inmate grievance on February 2, 2006. (ECF No. 32, 2nd Am. Compl. Ex. C1(a).)  Plaintiff filed this action on February 23, 2006.  (ECF No. 1.)  Plaintiff received the First-Level Response on March 22, 2006 and then withdrew his appeal.  (ECF No. 32, 2nd Am. Compl. Exs. C1(b) & (e).)  Thus, Plaintiff did not exhaust his administrative remedies before filing this action with the Court.

In his Opposition, Plaintiff states that he filed a grievance on October 25, 2005 related to Defendants Bell and Johnson and that Defendants failed to respond.  Plaintiff then refiled the grievance on December 12, 2005 to which he never received a response.  When Defendants failed to respond to his grievances twice, Plaintiff filed this action on February 23, 2006.  Plaintiff claims that the administrative remedies were not "available" to him.  Plaintiff goes on to state that the grievance filed on February 2, 2006 was against Renteria and Defendant Johnson for retaliation and harassment, but the primary reason for the grievance was Defendants failure to respond to Plaintiff's previously filed grievances.  Plaintiff argues that Defendants failure/delay in responding to his grievances made the administrative remedies unavailable to him, excusing him from exhausting.

In their Reply, Defendants merely repeat the dates of Plaintiff's grievance,

2

complaint, and prison appeal reviews.  They fail to address Plaintiff's contention that he previously attempted to file the same grievance twice prior to the February 2, 2006 grievance which was accepted and processed.

**III.**   **LEGAL STANDARD**

"The Prison Litigation Reform Act [("PLRA")] requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions."  Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)); Brown v. Valoff, 422 F.3d 926, 934 (9th Cir. 2005) (quoting Porter v. Nussle, 534 U.S. 516, 525 n.4 (2002)) (The PLRA "creates 'a general rule of exhaustion' for prisoner civil rights cases.").  "'[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'"  Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002) (quoting Porter, 534 U.S. at 532); accord Roles v. Maddox, 439 F.3d 1016, 1018 (9th Cir.), cert. denied, 549 U.S. 905 (2006).  The PLRA's "exhaustion requirement is mandatory."  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); accord Jones v. Bock, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); see also Panaro v. City of North Las Vegas, 432 F.3d 949, 954 (9th Cir. 2005) (The PLRA "represents a Congressional judgment that the federal courts may not consider a prisoner's civil rights claim when a remedy was not sought first in an available administrative grievance procedure.").  Even if the prisoner seeks monetary or other relief that is unavailable through the grievance system in question, the prisoner must still first exhaust all available administrative remedies.  See Booth v. Churner, 532 U.S. 731, 741

3

(2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures.").

While the PLRA requires "proper" exhaustion of available administrative remedies, Woodford v. Ngo, 548 U.S. 81, 93 (2006), it does not define the boundaries of proper exhaustion.   See Jones, 549 U.S. at 218.   Rather, "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" Woodford, 548 U.S. at 90.  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218; see, e.g., Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009, as amended June 5, 2009) (per curiam) ("The California prison system's requirements define the boundaries of proper exhaustion.") (internal quotation marks and citation omitted). Absent a prison grievance procedure mandating the naming of each individual involved, a prisoner need not identify all of the defendants later named in a lawsuit during the administrative grievance process.  Jones, 549 U.S. at 218.

The PLRA's exhaustion requirement is not jurisdictional; rather, it creates an affirmative defense that a defendant may raise in an unenumerated Rule 12(b) motion. See Jones, 549 U.S. at 213-14; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003).  The defendant bears the burden of raising and proving the absence of exhaustion.  Wyatt, 315 F.3d at 1119.  Specifically, the defendant must show that some administrative relief remains available to the plaintiff "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process."  Brown, 422 F.3d at 936-37.  In deciding a motion to dismiss

4

for failure to exhaust, a court may "look beyond the pleadings and decide disputed issues of fact." Wyatt, 315 F.3d at 1119-20.  When a prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120.  However, dismissal of the entire complaint is not required when a prisoner has exhausted some, but not all, of the claims included in the complaint.  See Jones, 549 U.S. at 223-24.

California provides its inmates and parolees the right to appeal administratively the alleged misconduct of correctional officers and "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a), (e).  In order to exhaust administrative remedies within this system, a prisoner normally must proceed through four levels: (1) initiation of informal resolution through submission of a CDC form describing the problem and the action requested; (2) first level formal written appeal to the prison's appeals coordinator; (3) second level formal appeal to the institution's warden or designee; and (4) third level formal appeal to the CDCR Director ("Director's Level").  Id. § 3084.5; see Woodford, 548 U.S. at 90-91 (California prisoners are required to use the process established by Cal. Code Regs., tit. 15 §§ 3084.1, 3084.2-3084.6 in order to satisfy 42 U.S.C. § 1997e(a)); Porter, 534 U.S. at 532 (the exhaustion requirement is mandatory and applies to all prisoner suits relating to prison life that do not implicate the duration of the prisoner's sentence).

IV.  **ANALYSIS**

After reviewing the attachments to Plaintiff's Second Amended Complaint, it appears that Plaintiff did file several grievances prior to the grievance filed in February 2006.  In the February 2006 grievance, Plaintiff states, much like he does here, that he

filed two grievances about the incident in October 2005, but did not receive any responses from them.

It is undisputed that there is no record in the Inmate Appeal Tracking System of Plaintiff's October grievance or his resubmitted December grievance.  Plaintiff claims that he placed both grievances on his door for mail pickup.  Defendants merely repeat that Plaintiff failed to exhaust before filing this action.

While the absence of evidence that a grievance was officially filed may indicate that a plaintiff never submitted the grievance, it may also indicate that the grievance was discarded or ignored by staff.  See Spence v. Director of Corr., 2007 WL 61006, *3 (E.D.Cal. Jan. 8, 2007) (If prison officials "are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been 'accepted.'"), findings and recommendations adopted in full, 2007 WL 738528 (E.D.Cal. Mar. 6, 2007).  The PLRA requires that an inmate exhaust such administrative remedies "as are available." 42 U.S.C. § 1997e(a).  As the Ninth Circuit has repeatedly reiterated, the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813 (9th Cir. 2010).  If employees of a facility prevent or interfere with the filing of a grievance or the inmate's ability to exhaust administrative remedies, the exhaustion requirement may be "unavailable" and defendants estopped from raising non-exhaustion as an affirmative defense.  See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).  Courts have repeatedly held that an administrative remedy becomes "unavailable" for purposes of the exhaustion requirement if prison officials do not respond to a properly filed grievance or if they otherwise use affirmative misconduct to thwart a prisoner's attempts to exhaust.  See e.g., Brown v. Valoff, 422 F.3d

6

926 n. 18 (9th Cir. 2005); Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) ("we refuse to interpret the PLRA 'so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances.'"); Abney v. McGinnis, 380 F.3d 663, 667 (2nd Cir. 2004); Ziemba v. Wezner, 366 F.3d 161, 163-64 (2nd Cir. 2004); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (finding allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that the prisoner had exhausted his "available" administrative remedies); Mitchell v. Horn, 318 F.3d 523, 529 (3rd Cir. 2003) (holding that prisoner lacked available administrative remedy for exhaustion purposes where the prisoner was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms).

Plaintiff has submitted a sworn statement that he filed a timely grievance form and also resubmitted the grievance form when he did not receive a response.  The Court cannot ignore Plaintiff's sworn statements.  "In a situation such as this in which the parties offer differing versions of events based on competing declarations, the issue is one of witness credibility and the Court cannot make that requisite assessment on a motion to dismiss."  Buchanan v. Santos, 2010 WL 1267353, *5 (E.D.Cal. Mar. 31, 2010).  Thus, given the limited record before it, the Court is essentially compelled at this stage of the proceedings to accept Plaintiff's allegations that he attempted to exhaust his administrative remedies but was thwarted in doing so by Defendants.

## V.   CONCLUSION AND RECOMMENDATION

Therefore, the Court HEREBY RECOMMENDS that Defendants' Motion to Dismiss for failure to exhaust be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."   The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:  ___June 14, 2011___

UNITED STATES MAGISTRATE JUDGE

8