1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT
8           EASTERN DISTRICT OF CALIFORNIA
9
10   EMELITO EXMUNDO,                    CASE  NO.  1:06-cv-00205-AWI-GBC  (PC)
11              Plaintiff,               ORDER  ADOPTING  FINDINGS  AND
                                         RECOMMENDATION   AND   DENYING
12       v.                             DEFENDANTS' MOTION TO DISMISS
13   A. K. SCRIBNER, et al.,
                                         (ECF No. 45 & No. 53)
14              Defendants.
15   _____/
16
17                      **<u>ORDER</u>**
18       Plaintiff Emelito Exmundo ("Plaintiff") is a state prisoner proceeding pro se and in
19   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was
20
21   referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and
22   Local Rule 302.
23       On June 15, 2011, the Magistrate Judge filed a Findings and Recommendation
24   recommending that Defendants' Motion to Dismiss (ECF No. 45) for failure to exhaust be
25   denied.  (ECF No. 53.)  On July 13, 2011, Defendants filed objections to the Magistrate
26   Judge's Findings and Recommendation disagreeing with the Court's conclusion that
27

                                        1

Plaintiff attempted to exhaust his administrative remedies but was thwarted by Defendants who failed to respond to Plaintiff's two prior attempts at exhaustion.  Defendants rely on Hendon v. Baroya, 2007 WL 3034263, *3 (E.D.Cal. Oct. 16, 2007) for their argument that Plaintiff's attempts did not exhaust his available administrative remedies and that, once the third grievance was accepted, Plaintiff should have exhausted then.

The Court notes that one major difference between Hendon and the instant action is that in Hendon the inmate did not submit a sworn statement, but only supplied argument that he attempted exhaustion, which the Court did not rely on as evidence.  Here, Plaintiff submitted a sworn statement that he attempted to file two grievances which were not responded to and, thus, the Court will consider it as evidence.

Although the Ninth Circuit has not yet ruled on the issue, Ngo v. Woodford, 539 F.3d 1108,1110 (9th Cir. 2008), there is authority for the proposition that if a prisoner submitted a timely inmate appeal in compliance with the governing regulations and his appeal received no response, or received a response only after an extraordinary delay, the prisoner has satisfied the exhaustion requirement.  See e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004); Abney v. McGinnis, 380 F.3d 663, 667 (2d. 2004); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).  In addition, in Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005), the Ninth Circuit Court of Appeals refused to interpret the exhaustion requirements of the Prison Litigation Reform Act "so narrowly as to permit prison officials to exploit the exhaustion requirement through indefinite delay in responding to grievances." Brown, 422

1    F.3d at 943 n. 18 (internal alterations and marks omitted) (citations omitted).

2          Therefore, even though Plaintiff's third attempt was accepted and processed, the

3    first two attempts and Defendants failure to respond them effectively exhaustion Plaintiff's

4

5    available administrative remedies.

6          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(c) and Local Rule 305,

7    this Court has conducted a de novo review of this case.  Having carefully reviewed the

8    entire file, the Court finds the Findings and Recommendation to be supported by the record

9    and by proper analysis.  Thus, the Motion to Dismiss is HEREBY DENIED.

10   IT IS SO ORDERED.

11

12   Dated:    August 1, 2011    _____

                                      CHIEF UNITED STATES DISTRICT JUDGE

3