# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO,<br><br>            Plaintiff,<br><br>     vs.<br><br>BELL, et al.,<br><br>            Defendants. | 1:06cv00205 AWI DLB PC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(Document 94) |

Plaintiff Emelito Exmundo ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. This action for damages and equitable relief is proceeding against Defendants Bell and Johnson for acting with deliberate indifference to a substantial risk of harm to Plaintiff's safety, in violation of the Eighth Amendment of the United States Constitution.  The action also proceeds against Defendant Bell for retaliation in violation of the First Amendment of the United States Constitution.

This matter is set for jury trial on February 11, 2014, at 8:30 a.m., before the Honorable Anthony W. Ishii.

On November 22, 2013, Plaintiff filed a motion seeking the attendance of seven incarcerated witnesses.  Defendants opposed the motion on December 2, 2013.

1

## **DISCUSSION**

In determining whether to grant Plaintiff's motions for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995).

Plaintiff seeks the attendance of seven total incarcerated witnesses. Defendants do not oppose the attendance of Defendants Jackson and Lim.

As for Inmates Chappell, Montgomery and Young, Defendants object to their appearance on the ground that their testimony is cumulative of Inmates Jackson and Lim. Defendants argue that Inmates Jackson and Lim will testify to the events surrounding the hallway escort and that the remaining witnesses have nothing additional to add.

After reviewing the declarations of Inmates Chappell, Montgomery, Young and Gage, the Court agrees that their testimony would be cumulative. Inmate Jackson and Rim witnessed the entire incident and will testify thereto. Inmates Chappell, Montgomery, Young and Gage also witnessed the incident, though their declarations include slightly less detail. Inmates Chappell, Montgomery, Young and Gage provide no additional, relevant information and Plaintiff's motion as to these inmates is DENIED.

The Court also notes that Plaintiff did not submit a declaration from Inmate Richard. Nonetheless, while the Court denies their appearance on the merits, it also notes that Inmates Gage and Richard cannot be located in the CDCR Inmate Locator.

## **ORDER**

Plaintiff's Motion for the Attendance of Incarcerated Witnesses is GRANTED IN PART. Plaintiff's motion is GRANTED as to Inmates Lavell Jackson, CDCR# T-35127 and Inmate Raymond Lim, CDCR# V-34121.  Plaintiff's motion is DENIED as to Inmates Chappell, Montgomery, Young, Gage and Richard.

IT IS SO ORDERED.

Dated:   December 11, 2013

SENIOR  DISTRICT  JUDGE