# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMELITO EXMUNDO, | ) 1:06cv00205 AWI DLB PC |
| | ) |
| Plaintiff, | ) **ORDER REGARDING DEFENDANTS'** |
| | ) **MOTION IN LIMINE** |
| | ) (Document 106) |
| vs. | ) |
| | ) **ORDER REGARDING PLAINTIFF'S** |
| A. K. SCRIBNER, et al., | ) **MOTION IN LIMINE** |
| | ) (Document 138) |
| Defendants. | ) |
| | ) **ORDER DENYING PLAINTIFF'S** |
| | ) **REQUEST FOR APPOINTMENT OF A** |
| | ) **MEDICAL EXPERT** |
| | (Document 113) |

Plaintiff Emelito Exmundo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  This action for damages and equitable relief is proceeding against (1) Defendants Bell and Johnson for violation of the Eighth Amendment; and (2) Defendant Bell for retaliation in violation of the First Amendment.

Trial began on August 26, 2014.

On January 14, 2014, Defendants filed a motion in limine to (1) preclude Plaintiff from offering opinions about the cause of his past and current medical condition; and (2) prohibit Plaintiff from introducing medical records regarding his injury without explanation by a medical expert.  Plaintiff opposed the motion on January 27, 2014.

1

Plaintiff filed a motion in limine on March 31, 2014, seeking to (1) exclude Defendants' statements in Rules Violation Report ("RVR") #3A-05-10-012; and (2) prohibit Defendants from offering evidence of the prior convictions of Plaintiff and his inmate witnesses.  Defendants did not oppose the motion.

A.    Defendants' Motion in Limine

Defendants seek to preclude Plaintiff from (1) offering opinions about the cause of his past and current medical conditions; and (2) from introducing his medical records without explanation by a medical expert.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  Fed. R. Evid. 701.

Defendants' motion is GRANTED.  As to Plaintiff's medical conditions, he may not testify as to any medical matter which requires scientific, technical, or other specialized knowledge, which generally includes any ultimate diagnosis, a cause and effect relationship, internal injuries, and/or interpretation of x-ray films or other medical records.  Fed. R. Evid. 702. However, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition.

As to Plaintiff's medical records, the records may not be introduced because they are hearsay and require expert testimony and foundational testimony.

B.   <u>Plaintiff's Motion in Limine</u>

    1.    *Defendants' Statements in the RVR*

Plaintiff moves to preclude Defendants from introducing their statements in RVR #3A-05-10-012 because the statements are inadmissible hearsay.  Plaintiff also contends that the statements are self-serving and lack trustworthiness.

Plaintiff's motion is GRANTED and Defendants may not introduce statements made in the RVR by declarants who do not testify.  However, the statements may be used to refresh recollection for Defendants who testify, and for impeachment purposes, if necessary.

    2.    *Prior Convictions*

Plaintiff moves to exclude evidence of his prior conviction, as well as the prior convictions of his two inmate witnesses.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness.  Fed. R. Evid. 609(a)(1)(A).  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or release from confinement for it, whichever is later.  Fed. R. Evid. 609(b).

Plaintiff's motion is DENIED.  Plaintiff's commitment offense is a qualifying offense under Rule 609(a)(1)(A) and must be admitted for impeachment purposes subject to Rule 403.  However, the Court will only permit Defendants to refer to the fact that Plaintiff is incarcerated for life without the possibility of parole.  Defendants will not be permitted to discuss Plaintiff's commitment offense (murder).  The same analysis applies to the prior convictions of Plaintiff's witnesses.  Defendants may only refer to the fact that the inmate witnesses are incarcerated for a felony.

Insofar as Plaintiff's sentence may be independently admissible for purposes of damages, the Court will reserve ruling on the issue.

C.    Plaintiff's Request for a Medical Expert

In opposing Defendants' motion in limine regarding Plaintiff's medical records, Plaintiff requests that this Court appoint a medical expert.

The Court has the discretion to appoint an expert and to apportion costs, including the apportionment of costs to one side.  Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir. 2002); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

Plaintiff does not explain why he believes that a medical expert is necessary.  In any event, the Court does not require special assistance in deciding the issues.  Ford ex rel. Ford, 291 F.3d at 1090; Walker, 180 F.3d at 1071.  Further, where, as here, the cost would likely be apportioned to the government, the Court should exercise caution.  The Court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis.  The facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court.

Moreover, Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses, Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D.Cal. 2012) (quotation marks and citations omitted), nor does Rule 706 contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff, Faletogo v. Moya, 2013 WL 524037, *2 (S.D.Cal. 2013) (quotation marks omitted).

Accordingly, Plaintiff's request for the appointment of an expert witness is DENIED.

IT IS SO ORDERED.

Dated:   August 26, 2014       _____

                                SENIOR  DISTRICT  JUDGE

4